# EXHIBIT "A"

| | |
|---|---|
| CLARA GILBERT,<br><br>　　　Plaintiff,<br><br>vs.<br><br>LIBERTY BANKERS LIFE INSURANCE<br><br>　　　Defendant.<br>_____/ | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>GENERAL JURISDICTION<br><br>CASE NO.:<br><br><br>**COMPLAINT** |

Plaintiff, CLARA GILBERT, sues Defendant, LIBERTY BANKERS LIFE INSURANCE and states:

### Jurisdictional Allegations

1. This is an action for damages exceeding $15,000 exclusive of costs and fees.

2. Plaintiff is a resident of Miami-Dade County, Florida.

3. Defendant, Liberty is a foreign insurance company underwriting insurance policies in this County, and doing business in the State of Florida through various general agents and sub-agents.

4. Venue is appropriate in Dade County because this action involves insurance coverage for a policy that was entered into in Miami-Dade County, and the Defendant has agents in this County.

5. This Court has subject matter jurisdiction.

### FACTUAL ALLEGATIONS

6. On or about September 17, 2011, Defendant's agent, James Sanphasiri came to Plaintiff's home unannounced to sell her and her son life insurance and came with two other persons believed to be Eddie Palacios and Joseph Christopher.

7. Plaintiff and her son, John Getter, III, accurately filled out the application for Life Insurance for John Getter III and disclosed that John was HIV positive, on question number 28.

8. The man believed to be Joseph Christopher told Defendant's agent, James Sanphasiri, that such information was immaterial, and told him to change the answer to a "No" and add his initials, which Mr. Sanphasiri did.

9. Thereafter, Defendant issued a policy to Plaintiff's son, in the amount of $100,000,

naming her as the sole, primary beneficiary. A copy of the policy is attached as Exhibit 1.

12. On or about November 28, 2012, Plaintiff's son died.

13. Plaintiff timely made a claim on the subject policy.

14. Defendant denied coverage and stated that they were voiding the policy.

15. Plaintiff has complied with all conditions precedent to maintaining this action.

16. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT 1
### Breach of Contract

17. Plaintiff realleges and reincorporates herein paragraphs 1 - 16 of the complaint.

18. Defendant insured Plaintiff's son under the above-referenced policy.

19. Plaintiff timely made a claim under the policy.

20. To date, Defendant has breached the policy and disregarded its obligations and duties under its contract by failing to pay Plaintiff the death benefit under said policy, directly resulting in Plaintiff's damages.

21. Plaintiff has exhausted all administrative remedies or they have been waived.

WHEREFORE, Plaintiff, moves for a judgment against Defendant Liberty and for compensatory damages, pre-judgment interest, court costs and attorneys' fees under §627.428, Fla. Stat, and for such other relief as the Court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: March 11, 2015

                                                **THE PIVNIK LAW FIRM**
                                                7700 N. Kendall Drive, Suite 703
                                                Miami, FL 33156
                                                Tel: 305-670-095
                                                Pivniklaw@aol.com
                                                Cdiezpivniklaw@aol.com

                                    By:    s/Jerome A. Pivnik, Esq.
                                                    Jerome A. Pivnik, Esq.
                                                    Fla. Bar No. 400408



### Liberty Bankers Life Insurance Company

| | |
|---|---|
| Home Office: | 1605 LBJ Freeway Suite 710, Dallas, Texas 75234 |
| 469-522-4400 | FAX 469-522-4401 |
| Administrative Office: | PO Box 224, Brownwood, Texas 76804-0224 |
| 888-525-4467 | FAX 888-525-5002 |

## BENEFIT PROVISIONS

**DEATH BENEFIT.** Liberty Bankers Life Insurance Company will pay the Insurance Amount to the beneficiary when we receive due proof that the Insured's death occurred on or before the Final Expiration Date and while this policy is in force. We will add to the benefit any part of the premium paid beyond the month in which death occurred. The Insurance Amount and the Expiration Date are shown in the Policy Schedule.

**CASH VALUE:** If the Insured is living and the policy is in force on the Expiration Date, we will pay the Cash Value to the owner. Any time before the Initial Expiration Date, while this policy is in force, this policy may be surrendered for its Cash Value. The Cash Value is shown in the Policy Schedule.

Payments are subject to the provisions, terms and conditions of the policy.

## RIGHT TO CANCEL

You have the right to return this policy for any reason within 30 days after you receive it. You may return it by mail or in person to your agent or to our Home Office. We will refund any premiums paid and treat the policy as if it were never issued.

**PLEASE EXAMINE THIS POLICY CAREFULLY.**

**FOR INQUIRIES OR TO OBTAIN INFORMATION ABOUT COVERAGE OR MAKE A COMPLAINT**

You may call Liberty Bankers Life Insurance Company at the toll-free number shown above or you may write to the Company at the address shown above.

This Policy is signed for **LIBERTY BANKERS LIFE INSURANCE COMPANY**

President                                             Secretary

**CONVERTIBLE LEVEL TERM LIFE INSURANCE POLICY
WITH CASH VALUES AND GUARANTEED LEVEL PREMIUMS
PAYABLE DURING INSURED'S LIFETIME TO EXPIRATION DATE
NONPARTICIPATING**

> WARNING: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, files a statement of claim or an application containing any false, incomplete or misleading information is guilty of a felony of the third degree.



EXHIBIT 1

LBL TERM20RPU0607-FL                    1                    44430L

## CONTENTS

Benefit Provisions ........................................................................................................ 1
Policy Schedule ............................................................................................................ 3
Premiums ..................................................................................................................... 5
Grace Period ................................................................................................................ 5
Conversion Provisions ................................................................................................. 5
Cash Value Provisions ................................................................................................. 6
Owners and Beneficiary ............................................................................................... 6
Payment of Benefit ....................................................................................................... 7
General Provisions ....................................................................................................... 7

*A copy of the application and any riders follow page 8.*

## DEFINITIONS

In this policy:

**WE, US** and **OUR** refer to **LIBERTY BANKERS LIFE INSURANCE COMPANY**

**YOU** or **YOUR** means the owner.

**ATTAINED AGE** means the age shown in the Policy Schedule plus the number of years and completed months since the Policy Date.

**LAPSE** means termination of the policy due to non-payment of premiums.

**REINSTATEMENT** means to restore coverage after the policy has lapsed.

**POLICY DATE** is the date used to determine the premium due date, policy anniversaries and policy years.

# POLICY SCHEDULE

## 44430L

### BENEFITS AND PREMIUMS

| BASE POLICY | ANNUAL PREMIUM | YEARS PAYABLE |
|---|---|---|
| 20 YEAR LEVEL TERM POLICY | 270.00 | 20 |

ADDITIONAL BENEFITS PROVIDED BY RIDER
AD&D & CC Rider - $100,000                              100.00                    20

TOTAL ANNUAL PREMIUM:                                   $370.00

PREMIUM PAYMENT METHOD:        Monthly

THE TOTAL PREMIUM MAY BE PAID AS FOLLOWS:

| ANNUAL | SEMI-ANNUAL | QUARTERLY | MONTHLY BANK DRAFT |
|---|---|---|---|
| $370.00 | $188.70 | $98.05 | $34.23 |

### POLICY DATA

| | | | |
|---|---|---|---|
| INSURED: | JOHN GETER III | POLICY NUMBER: | 44430L |
| OWNER: | CLARA A GILBERT | POLICY DATE | 10/04/2011 |
| INSURED'S AGE, SEX: | 22 , MALE | INSURANCE AMOUNT: | $100,000 |
| PREMIUM CLASS: | NON_TOBACCO | TERM | 20 YEARS |
| AGENT ID: | SANPHASIRI, JIM | EXPIRATION DATE | 10/04/2031 |
| PLAN: | 20 YEAR EXT | CONVERSION DATE: | 10/04/2026 |

## POLICY SCHEDULE

### 44430L

### CASH VALUE TABLE

| POLICY YEAR | ENDING CASH VALUE | EXTENDED TERM INSURANCE | | REDUCED PAID UP INSURANCE |
|---|---|---|---|---|
| | | YEARS | DAYS | |
| 1 | 0.00 | 0 | 0 | 0 |
| 2 | 0.00 | 0 | 0 | 0 |
| 3 | 0.00 | 0 | 0 | 0 |
| 4 | 0.00 | 0 | 0 | 0 |
| 5 | 0.00 | 0 | 0 | 0 |
| 6 | 0.00 | 0 | 0 | 0 |
| 7 | 0.00 | 0 | 0 | 0 |
| 8 | 0.00 | 0 | 0 | 0 |
| 9 | 0.00 | 0 | 0 | 0 |
| 10 | 100.00 | 1 | 11 | 785 |
| 11 | 300.00 | 3 | 25 | 2,257 |
| 12 | 400.00 | 3 | 344 | 2,885 |
| 13 | 600.00 | 5 | 200 | 4,147 |
| 14 | 800.00 | 6 | 302 | 5,299 |
| 15 | 900.00 | 7 | 30 | 5,713 |
| 16 | 1,100.00 | 7 | 302 | 6,692 |
| 17 | 1,300.00 | 8 | 138 | 7,581 |
| 18 | 1,500.00 | 8 | 298 | 8,385 |
| 19 | 1,700.00 | 9 | 63 | 9,110 |
| 20 | 1,900.00 | 9 | 156 | 9,763 |

The Cash Values above are for the end of the policy year shown and assume all premiums due have been paid. The Cash Value at any time during a policy year depends on the amount of actual policy and rider premiums paid on the life of the Insured.

**COMPUTATION TABLES AND INTEREST RATES.** Cash Values and Reserves are based on Mortality Table:  2001 CSO age last birthday Male/Female, Smoker/Nonsmoker mortality tables

Reserve Method: Commissioners Reserve Valuation Method

Interest rate for reserves: 4% all years

Interest rate for cash values: 5% all years

## PREMIUM PAYMENT PROVISIONS

**PREMIUMS.** To keep this policy in force, each premium must be paid in advance. All premiums must be paid at our Home Office or to our authorized agent. We will issue a receipt upon request. The first premium is due on or before the Policy Date. Subsequent premiums are payable while the Insured is living until the Final Expiration Date and within the grace period. On written request the premium payment method may be changed on any policy anniversary or renewal date to any other method offered by us.

It may be possible for you to make arrangements with your employer to pay your premiums by payroll deduction. Also, if your bank agrees, you may request that your premiums be automatically withdrawn from your account and paid directly to us by your bank. We will accept monthly premiums paid by either of these methods. If for any reason your employer or bank fails to pay the premium when it is due or during the grace period, this policy will lapse and cease to be in force.

**GRACE PERIOD.** You have a period of 31 days after the premium due date for payment of each premium after the first. During this grace period, no interest will be charged on the premium due. If the Insured dies during the grace period, any unpaid premium will be deducted from any proceeds payable under this policy. If any premium remains unpaid after the grace period, this policy will lapse and cease to be in force.

## CONVERSION PRIVILEGE

**CONVERSION BENEFIT.** You may convert all or a part of the term insurance provided by this Policy to a new Policy on the Insured's life. This conversion may be made without giving us proof of insurability. To convert, You must ask for the conversion in writing before the last conversion date and while this Policy is in force. The last conversion date is shown in the Schedule Page. Any conversion will be subject to the following provision.

**CONVERSION DATE.** The conversion date may be any date on or prior to Age 65 or the Policy Anniversary five years prior to the Expiry Date, whichever occurs first. The Policy Date of the new Policy will be the conversion date. The Insured's Age at issue for the new Policy will be his or her attained Age on the conversion date.

**PLAN OF INSURANCE.** The new Policy may be on any form of level permanent premium life insurance (except term insurance) that we are offering on the conversion date for the Insured's Age, sex and amount of insurance converted. If this Policy has a rider limiting the Policy, the same or similar rider will be included in the new Policy. Other benefit riders can be added to the new Policy only if we agree. The Incontestability and Suicide Provisions in the new Policy will be measured from the date of this Policy.

**DEATH BENEFIT.** The death benefit of the new Policy may not be greater than the death benefit of this Policy at time of conversion, or less than the minimum amount we then issue on the new Policy You request.

**PREMIUMS.** The premiums for the new Policy will be in the same premium class as this Policy. They will also be based on our rates for the new Policy in effect on the conversion date. The new Policy will not take effect until the first premium is paid. This premium is due on the conversion date. If premiums for the insurance converted under this Policy have been paid beyond the conversion date, we will apply the excess to the new Policy.

**CONVERSION WHILE DISABLED.** If this Policy has a waiver of premium benefit and the Insured is disabled, the insurance under this Policy may be converted:
   a. on any date prior to the last conversion date with no waiver of premium benefit in the Policy, or
   b. on the last conversion date with a waiver of premium benefit in the new Policy. If converted under this part (b), the conversion may only be made to a whole life Policy with premiums payable for life. We would then waive the premiums of the new Policy in accordance with the waiver of premium benefit.

This conversion would be subject to all the rules listed above except where changed in parts (a) or (b).

**BENEFICIARY OF NEW POLICY.** The Beneficiary of the new Policy will be the same as the Beneficiary of this Policy on the conversion date, unless You request otherwise.

LBL TERM20RPU0607-FL               5                              44430L

## CASH VALUE PROVISIONS

**CASH VALUE.** The Cash Values for this policy are shown in the Policy Schedule. These values are for the end of the policy year shown and assume all premiums due have been paid. The Cash Value at any time during a policy year depends on the amount of actual premiums paid on this policy, including any riders on the life of the Insured, minus any premiums waived under a waiver of premium rider.

Any time before the Expiration Date, while this policy is in force, this policy may be surrendered for its cash value. The surrender will be effective on the date we receive the request in writing.

On the Expiration Date, if the Insured is living and the policy is in force, we will pay the Cash Value to the owner of the policy. Payment is subject to the provisions, terms and conditions of this policy.

**NONFORFEITURE OPTIONS.** Nonforfeiture benefits equal to the cash value are provided if a premium remains unpaid at the end of the grace period. The following nonforfeiture options are available:
1. Cash. We will pay you the cash value on surrender of the policy. We will require written request and return of the policy. If the policy has been lost or destroyed, we will require a certification to that effect on a form we accept.
2. Extended Term Insurance. The policy may be continued as nonparticipating extended term insurance. It will be for a level amount equal to the Insurance Amount. It will be extended from the due date of the premium in default for the period that the cash value will purchase when applied as a net single premium. Purchase will be at the Insured's attained age on the due date of the premium in default. The extended term insurance will not include any benefits provided by riders.
3. Reduced Paid Up Insurance. At the End of the Premium Paying Period shown on the Schedule Page, and only when all premiums have been paid for the entire duration of the policy, and at the option of the Insured, the Policy may be continued as a non-participating Reduced Paid Up Insurance for an amount equal to all premiums paid for this policy (exclusive of additional rider or supplemental benefits premiums) since its date of issue.

During the premium paying period, if no option is elected in writing within 60 days after the due date of any unpaid premium, the extended term insurance option (Number 2 above) will apply. Any extended term insurance may be surrendered at any time for its cash value. The cash value for extended term insurance is equal to the net single premium for the insurance remaining. Within 30 days after a policy anniversary, the cash value will not be less than on the anniversary. We may defer payment of any cash value for up to six months. If the company postpones payments for more than 31 days, the company will pay the person entitled interest as required by law.

**BASIS OF COMPUTATION.** The Cash Values equal or exceed values computed in accordance with the Standard Nonforfeiture Method using age last birthday, curtate functions and the mortality tables and interest rates shown on page 4. All policy values are determined in accordance with the laws of the state in which this policy is delivered. All policy values equal or exceed the minimum values required by law. A detailed statement of the method of computing policy values has been filed with the state in which this policy is delivered.

**ACTUARIAL RESERVES.** The actuarial reserve calculations are based on the Commissioners Reserve Valuation Method using the Mortality Table, and interest as shown in the Schedule. The actuarial reserves are equal to or greater than those required by the law of the state in which this Policy is delivered.

## OWNER AND BENEFICIARY PROVISIONS

**OWNER.** The Owner of this policy is the Insured, unless otherwise stated in the application or changed as provided below. The Owner may, while the Insured is living, exercise every right in this policy. If the Owner dies before the Insured and there is no contingent Owner, ownership passes to the Insured.

**BENEFICIARY.** The beneficiary is named in the application and may be changed by the Owner as provided below. The beneficiary will receive the proceeds when the Insured dies. If two or more persons are named, those surviving the Insured will share equally unless otherwise stated. If no beneficiary survives the Insured, any proceeds will be payable to you or your estate.

**OWNER AND BENEFICIARY CHANGE.** Unless this policy states otherwise, the Owner may change the Owner and beneficiary during the Insured's lifetime. However, the Owner can not change a beneficiary that was named irrevocably, unless such beneficiary agrees in writing to any proposed change. Any change must be received at our Home Office in a written form satisfactory to us. We may require return of the policy for endorsement for any change in the Owner or beneficiary. A change will take effect on the date the request was signed, but it will not apply to any payments made by us before the request was received and recorded.

## PAYMENT OF BENEFIT

**LUMP SUM.** We will pay the death benefit in a lump sum (cash), unless otherwise agreed. We will pay the benefit at our home office. This Policy must be turned in to us when we pay the benefit. If no benefit survives, this Policy will terminate and will no longer be in effect upon such surrender.

**INTEREST ON PAYMENT.** We will add interest to our one sum payment. We will figure the interest from the date of the insured's death until the date of our payment. The interest rate will be the greater of the Moody's Bond Yield Average – Monthly Average Corporate or 8%.

## GENERAL PROVISIONS

**ENTIRE CONTRACT.** This policy and the attached copy of the application make up the entire contract. All statements in the application are deemed, in the absence of fraud, to be representations and not warranties. No statement will be used to void this policy or defend against a claim unless it is contained in the application.

Only our President or Secretary may change or waive any provisions of this policy. Any change or waiver must be in writing. We will not be bound by any promises or representations made by or to any other persons.

**INCONTESTABILITY.** We will not contest the validity of this policy after it has been in force during the Insured's lifetime for two years from the Policy Date, except for nonpayment of premiums.

Any reinstatement for which we require an application showing insurability will be incontestable after the policy has been in force during the Insured's lifetime for two years from the effective date of reinstatement. Any contest of a reinstatement will be based on the application for reinstatement.

**SUICIDE.** If the Insured dies by suicide, while sane or insane, within two years from the Policy Date, our liability will be limited to the premiums paid.

**REINSTATEMENT.** If this policy lapses because a premium was not paid, it may be reinstated subject to the following conditions:
1. The request for reinstatement must be made in writing before the Expiration Date and within five years after the date the first unpaid premium was due.
2. You must provide evidence that the Insured continues to be insurable by our standards.
3. All overdue premiums must be paid with interest at the rate of 6 percent per annum.
4. The reinstatement will be effective when we approve it.

**MISSTATEMENT OF AGE OR SEX.** If the Insured's age or sex has been misstated, the Insurance Amount will be those that the premiums paid would have purchased had the Insured's age and sex been correctly stated.

**ASSIGNMENT.** You may assign this policy absolutely or as collateral, but we will not be bound by an assignment unless it is in writing and we have received it. Your rights and those of any other person referred to in this policy will be subject to the assignment. We will not be responsible for the validity of any assignment.

**NONPARTICIPATING.** This policy does not share in our profits or surplus.

**CONSIDERATION.** The policy is issued in consideration of the application and the payment of premiums.