UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| CLARA GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:15-CV-21425 |
| | ) | |
| LIBERTY BANKERS LIFE INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

**REQUEST FOR JURY INSTRUCTIONS, INTERROGATORIES AND VERDICT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff, Clara Gilbert ("Gilbert") and Defendant Liberty Bankers Life Insurance Company ("Liberty") and pursuant to the Court's order file this joint set of proposed jury instructions, interrogatories and verdict form and each of the parties requests that the Court submit same to the jury as is indicated below:

**PLAINTIFF'S REQUESTS**

*This is a law suit breach of an life insurance policy that Defendant issued to Plaintiff Clara Gilbert, for her son, John Geter, in 2011. Ms. Gilbert contends that the Defendant breached the insurance policy by failing to pay the $100,000 in life insurance benefits, after her son's death.*

*Defendant contends that after it was informed of John's death, in 2012 it investigated and learned that he had made a material misrepresentation on the*

1

*application and an amendment to the application, and therefore they were voiding the policy and denying the claim.*

*The application for the policy was filled out by Defendant's enrolled agent, James Sanphasiri, who came to Plaintiff's home in Sept. 2011, with another agent, Ed Palacios.  Plaintiff contends that a third agent was present, a man named Joe Christopher.*

*The parties stipulated that Sanphasiri filled out the application based on the answers provided by Gilbert and her son.  The Application required the applicant to provide answers that were true and complete only to "the best of my knowledge and belief."   The Defendant's defense to the claim is centered on the answer to Question 28 on John's application.*

> *Question 28.  Has the Proposed Insured been tested positive for exposure to the HIV infection or been diagnosed as having ARC or AIDS caused by the HIV infection or other sickness or condition derived from such infection?*

*It is undisputed that the question was answered "Yes" but then the "Yes" was crossed out by Sanphasiri, whom put his initials on it and then answered the question, "No."   Ms. Gilbert contends that  she told the agents that John has testd positive for HIV and that the answer to number 28, was "Yes."  But she also contends that Christopher told Sanphasiri to change the answer to no. 28 and initial it.*

*Defendant concedes that Plaintiff or her son told the agents that Geter was born with HIV, but claim that they also told him that he had tested negative in the past, but that the later was a misrepresentation.*

*Although Liberty's underwriting standards for that type and amount of coverage required "HIV Testing Required at $100,000, the parties agree that the policy was issued without any such testing.*

*Plaintiff made a claim on the subject policy in December 2012, and provided requested claims documents in January 2013. On May 8, 2013, Defendant denied coverage and purported to void the policy*

*Liberty contends that Plaintiff's son made a misrepresentation on the policy. Plaintiff denies that any misrepresentation was made by her or her son, and that the agents knew of John's HIV status, and that Liberty knew or should have known of John's HIV status from other sources, and waived its right to rescind the policy and deny the claim.*

Defendant objects to the Plaintiff's statement of the case for the following reasons:

1. The statement is devoid of material facts regarding the Plaintiff's fraud, misrepresentations and acts that preclude her from recovering in this case. The material facts, with reference to the evidence that supports them, are set forth in the Defendant's briefing pertaining to its motion for summary judgment.

2. The statement is incomplete and takes isolated facts out of context. As such, it is inaccurate.

3. The statement is unnecessary. The evidence will be established at trial and it is that evidence that the jury must consider—not an isolated set of purported facts that the Plaintiff would like the Court or jury to consider in a vacuum.

3

4.      The Plaintiff has no authority to provide such a statement to the jury. It is not an instruction, a question or a verdict.

Pattern Jury Instructions

2.2 - Consideration of the Evidence, Corp Entity
3.0 - Credibility of the Witnesses
4.1 - Impeachment
6.1 - Burden of Proof
7.1 - Duty to Deliberate

Special Instructions

## No. 1

*An insurance policy is a contract. Defendant may void the policy if the insured knowingly made a material misrepresentation on the application. You are instructed that a material misrepresentation is one that had the insurer known the truth it would either not issue the policy at all, or issue it but at a higher premium. However, if an insurer has knowledge of the misrepresentation and still issues the policy anyway, or otherwise waives that misrepresentation, it cannot deny the claim or void the policy.*

GRANTED

DENIED

<u>Defendant objects to Special Instruction No. 1 on the following grounds</u>:

1. It is an incorrect statement of the law. The law provides, in relevant part, that:

   (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

   (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.

   (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not

have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Fla. Stat. Ann. § 627.409.

2.    The instruction includes language that "if an insurer has knowledge of the misrepresentation and still issues the policy anyway…" it cannot deny the claim or void the policy.  Not only is this statement contrary to Section 627.409 as set forth above, it also goes beyond the bounds of the Plaintiff's contentions in the joint pretrial order.   The only disputed issue of fact regarding knowledge set forth by the Plaintiff was "Did Liberty have constructive knowledge of John's HIV?" Accordingly, the instruction is overbroad and inappropriate under the pleadings.

Plaintiff's Source:  *Hauser v. Life General Sec. Ins. Co.*, 56 F.3d 1330 (11th Cir. 1995).

*No. 2*

*John Geter was only required to answer the questions to the best of his "knowledge and belief."*

GRANTED

DENIED

Defendant objects to Special Instruction No. 2 on the following grounds:

1.    The instruction fails to accurately state the full and relevant duties that Geter had under this provision of the contract.  Geter represented that "All statements in this application are complete and true and correct to the best of my knowledge and belief."   The *Green* case cited as authority by the Plaintiff does not support the instruction requested.  Instead, in it, the insured "***truthfully and accurately*** denied 'to the best of his knowledge or belief' that he had, among other things, cancer or a blood disorder, although each insured subsequently tested positive for these conditions." (Emphasis added).   *Green v. Life & Health of Am.*, 704 So. 2d 1386, 1390 (Fla. 1998).

2.    The instruction fails to accurately set forth the law.   Pursuant to section 627.409, the legislature has mandated that "any misrepresentation, **innocent or intentional,** will void an insurance contract if the misrepresentation 'is material either to the acceptance of the risk or to the hazard assumed by the insurer' or '[i]f the true facts had been known to the insurer ..., the insurer in good faith would not have issued the policy....'*Universal Prop. & Cas. Ins. Co. v. Johnson*, 114 So. 3d 1031, 1037 (Fla. Dist. Ct. App. 2013).

Plaintiff's Sources:  *Green v. Life & Health of Am.*, 704 So.2d 1386, 1392 (Fla. 1998); *Wimberg v. Chandler*, 986 F. Supp 1447 (MD Fl 1997).  *Hauser v. Life General Sec. Ins. Co.*, 56 F.3d 1330 (11th Cir. 1995);  *Carter v. United of Omaha Life Ins.,* 685 So.2d 2 (Fla. 1st DCA 1996)(Knowledge and belief language in application established less stringent standard than §627.409).

8

*No. 3*

*An insurer may not deny coverage under this statute if the alleged misrepresentation was in response to an ambiguous question. Any such ambiguity must be construed against the insurer and in favor of coverage.*

GRANTED

DENIED

Defendant objects to Special Instruction No. 3 on the following grounds:

1.   The instruction is vague and ambiguous as it does not specifically refer to the statute it is referencing.

2.   Under Florida law, the issue of whether a contract is ambiguous is a question of law. *Novoneuron Inc. v. Addiction Research Inst., Inc.*, 326 F. App'x 505, 508 (11th Cir. 2009). A question is only ambiguous when it is susceptible to two reasonable interpretations, one in which a negative response would be correct and one in which an affirmative response would be correct. *Mercury Ins. Co. of Florida v. Markham*, 36 So. 3d 730, 733 (Fla. Dist. Ct. App. 2010). The test is objective in the sense that "the issue is whether an objectively reasonable person in [the applicant's] situation ... could truthfully answer the question in either the affirmative or the negative." *Markham,* 36 So.3d at 733. See also *Travelers Cas. & Sur. Co. of Am. v. Mader Law Grp., LLC*, No. 8:13-CV-2577-T-26TGW, 2014 WL 5325745, at *7 (M.D. Fla. Oct. 20, 2014). Here, Question 28 is not ambiguous as a matter of law and the instruction should not be given.

*Plaintiff's Source: Mercury Ins. Co. v. Markham*, 36 So.3d 730, 733 (Fla. 1st DCA 2010).

*No. 4*

An insurer is generally charged with knowledge which has been communicated to the agent by the insured.

GRANTED

DENIED

Defendant objects to Special Instruction No. 4 on the following grounds:

1.  It is an incomplete and/or inaccurate statement of the law under the circumstances presented here.  The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application."  Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not.  See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998).  Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations.  *Id.*

2.  Likewise, the agents were independent brokers, and the evidence will show that Plaintiff knew that.  As such, Plaintiff knew of the limitations on actual authority.  *See id.*

3.  Further, as a general rule, independent brokers like those here, are agents of the insured.  *See id.*  In *Essex Ins. Co. v. Zota*, 985 So.2d 1036, 1046 (Fla.2008), the Florida Supreme Court noted that the "'distinction between an agent and a broker is important because acts of an agent are imputable to the insurer, and acts of a broker are imputable to the insured.' " *Zawilski v. Golden Rule Ins. Co.*, No. 8:10-CV-1222-T-33AEP, 2011 WL 3359658, at *4 (M.D. Fla. Aug. 4, 2011).

10

*Plaintiff's Source:  S. Rack & Ladder, Inc. v. Sexton*, 474 So.2d 847, 849 (Fla. 1st DCA. 1985).

No. 5

*An insurance broker may act in the dual capacity of broker for the insured and agent of the insurer.*

*GRANTED*

*DENIED*

Defendant objects to Special Instruction No. 5 on the following grounds:

1.   There will be no evidence that Sanpharisi, Palacios or anyone else allegedly involved with the Application were other than independent brokers.  Following *Almerico*, the Supreme Court in *Essex*, supra, made it clear that when independent brokers are involved, the acts of the broker are imputable not to the insurer, but instead to the insured. See *Essex Ins. Co. v. Zota*, 985 So.2d 1036, 1046 (Fla.2008).

*Plaintiff's Sources:  Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998); *Steele v. Jackson Nat'l Life Ins. Co.*, 691 So.2d 525, 527 (Fla. 5th DCA 1997) (acknowledging that "an independent insurance agent can be the agent of the insurance company for one purpose and the agent of the insured for another.")

*No. 6*

*An insurer may be held accountable for the actions of those whom it cloaks with "apparent agency."*

GRANTED

DENIED

Defendant objects to Special Instruction No. 6 on the following grounds:

1. There will be no evidence that Sanpharisi, Palacios or anyone else allegedly involved with the Application were other than independent brokers. Following *Almerico*, the Supreme Court in *Essex*, supra, made it clear that when independent brokers are involved, the acts of the broker are imputable not to the insurer, but instead to the insured. See *Essex Ins. Co. v. Zota*, <u>985 So.2d 1036, 1046 (Fla.2008)</u>.

2. It is an incomplete and/or inaccurate statement of the law under the circumstances presented here. The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application." Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not. See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998). Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations. *Id*

*Plaintiff's Sources:  Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998)

*No. 7*

*Evidence of indicia of agency may be demonstrated if the insurer furnishes an insurance agent or agency with "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance."*

GRANTED

DENIED

Defendant objects to Special Instruction No. 7 on the following grounds:

1.  Under the circumstances, it is an imcomplete or inaccurate statement of the law. The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application." Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not.  See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998).  Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations. *Id.*

2.  It is an incomplete or inaccurate statement of the law under these circumstances because the agents were independent brokers, and the evidence will show that Plaintiff knew that.  As such, Plaintiff knew of the limitations on actual authority. *See id.*

 Plaintiff's Sources: *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998); *Zawilski v. Golden Rule Ins. Co.*, 2011 WL 33359658 (M.D. Fla. 2011).

*No. 8*

*An insurance company's furnishing of materials to an individual insurance representative, and the subsequent acceptance of business from that representative, established civil liability by an insurer to an insured in the same manner as if the insurer had specifically designated the broker as its agent.*

GRANTED

DENIED

Defendant objects to Special Instruction No. 8 on the following grounds:

1.  The case cited, and the instruction, involve Section 626.342 which pertains to unlicensed agents.  Neither the case nor the instruction are applicable here because there is no dispute that the brokers at issue were licensed.

2.  The instruction and case cited by the Plaintiff as authority is inapplicable or an inaccurate statement of the law because it was decided before *Essex, supra*, and does not address: 1) that the Plaintiff knew that these were independent brokers; 2) that the application itself provided the brokers with no authority; and 3) that by the application limitations the Plaintiff was put on inquiry notice of the limitations and could not be bound by the representations made by the agents/brokers.

Plaintiff's Sources:  §626.342(2); *Straw v. Associated Doctor's Health & Life*, 728 So.2d 354 (Fla. 5th DCA 1999).

*No. 9*

    *If an applicant fully states the facts to the agent at the time of the application but the agent writes the answers incorrectly or contrary to the facts stated by the applicant, the insurance company is estopped from making a defense in an action on the policy by reason of the incorrect application.*

GRANTED

DENIED

Defendant objects to Special Instruction No. 9 on the following grounds:

1.    It is an incorrect and inaccurate statement of the law under the circumstances presented here. The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application." Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not. See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998). Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations. *Id.*

2.    It is an incomplete or inaccurate statement of the law under these circumstances because the agents were independent brokers, and the evidence will show that Plaintiff knew that. As such, Plaintiff knew of the limitations on actual authority. *See id.*

3.    Moreover, following *Almerico*, the Supreme Court in *Essex*, supra, made it clear that when independent brokers are involved, the acts of the broker are imputable not to the insurer, but instead to the insured. See *Essex Ins. Co. v. Zota*, 985 So.2d 1036, 1046 (Fla.2008).

4.    The Plaintiff has miscited *Stix v. Cont'l Assur. Co.,* 147 Fla. 783, 786, 3 So. 2d 703, 704 (1941) as being a 1998 case. In fact, it was decided in 1941, long before *Almerico* and *Essex* and long before the statute at issue, Fla. Stat. Ann. § 627.409, was enacted.

*Plaintiff's Sources:*  *Stix v. Continental Assur. Co.*, 3 So. 2d 703, 707 (Fla. 1998).

*No. 10*

*An insured is not responsible for false or incomplete answers inserted by the insurer's agent in an application for insurance even if the insured signs an application filled out by the agent without reading it or correcting the answers.*

GRANTED

DENIED

Defendant objects to Special Instruction No. 10 on the following grounds:

1.  It is an incorrect and inaccurate statement of the law under the circumstances presented here. The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application." Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not.  See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998).  Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations.  *Id.*

2.  It is an incomplete or inaccurate statement of the law under these circumstances because the agents were independent brokers, and the evidence will show that Plaintiff knew that.  As such, Plaintiff knew of the limitations on actual authority.  *See id.*

3.  Moreover, following *Almerico*, the Supreme Court in *Essex*, supra, made it clear that when independent brokers are involved, the acts of the broker are imputable not to the insurer, but instead to the insured. See *Essex Ins. Co. v. Zota*, 985 So.2d 1036, 1046 (Fla.2008).

4.  Further, the Plaintiff has miscited *Stix v. Cont'l Assur. Co.,* 147 Fla. 783, 786, 3 So. 2d 703, 704 (1941) as being a 1998 case.  In fact, it was decided in 1941, long before *Almerico* and *Essex* and long before the statute at issue, Fla. Stat. Ann. § 627.409, was enacted.

5.    Further, the cases cited do not stand for the proposition in the instruction.  In *Stix*, the insured refused to sign the application until he was advised that the facts were none to the insurer.  *Stix v. Cont'l Assur. Co.*, 147 Fla. 783, 786, 3 So. 2d 703, 704 (1941).  *S. Rack*, 474 SO.2d 847 has nothing to do with misrepresentations by anyone, including independent brokers.

Plaintiff's Sources:  *Stix v. Continental Assur. Co.*, 3 So. 2d 703, 707 (Fla. 1998) ; *S. Rack & Ladder, Inc. v. Sexton*, 474 So.2d 847, 849 (Fla. 1st DCA. 1985).

*No. 11*

*Facts within the knowledge of an authorized representative of an insurer while acting within the proper scope of his authority is knowledge of the insurance company.*

GRANTED

DENIED

Defendant objects to Special Instruction No. 11 on the following grounds:

1.  It is an incorrect and inaccurate statement of the law under the circumstances presented here. The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application." Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not. See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998). Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations. *Id.*

2.  It is an incomplete or inaccurate statement of the law under these circumstances because the agents were independent brokers, and the evidence will show that Plaintiff knew that. As such, Plaintiff knew of the limitations on actual authority. *See id.*

3.  Moreover, following *Almerico*, the Supreme Court in *Essex*, supra, made it clear that when independent brokers are involved, the acts of the broker are imputable not to the insurer, but instead to the insured. See *Essex Ins. Co. v. Zota*, 985 So.2d 1036, 1046 (Fla.2008).

4.  Further, the Plaintiff relies on a case decided long before *Almerico* and *Essex* and long before the statute at issue, Fla. Stat. Ann. § 627.409, was enacted. That case is now inapplicable.

5.  Further, the case that is cited is distinguishable. In *Johnson v. Life Ins. Co. of Ga.*, 52 So. 2d 813, 815 (Fla. 1951), the insurer accepted

and retained premiums and failed to investigate after it learned that the defendant was suffering from tuberculosis only two months after the date of the policy.  Here, the evidence will show that Liberty investigated as soon as it was on notice that the insured may have misrepresented the facts regarding his HIV, and no premiums were retained

*Plaintiff's Source: Johnson v. Life Ins. Co. of Georgia, 52 So.2d 813 (Fla. 1951).*

*No. 12*

*Where an insurer is on notice that it must itself make further inquiries about the insured's health, it is bound by what a reasonable investigation would have shown.  If Liberty was aware of John's HIV status from other sources, such as the medical information it obtained before issuing the policy it will not be permitted to deny coverage or void the policy.*

GRANTED

DENIED

Defendant objects to Special Instruction No. 12 on the following grounds:

1.    This instruction includes facts not in evidence and is impermissible.

2.    This instruction impermissibly comments on the weight of the evidence.

2.    This instruction does not properly state the law.  See Fla. Stat. Ann. § 627.409; *Essex, supra; Almerico, supra.*  In fact, it is clear under both Florida statutory and case law that an insurer has no duty to investigate information provided by an applicant. *See Sciaretta v. Lincoln Nat. Life Ins. Co.,* 899 F. Supp. 2d 1318, 1330 (S.D. Fla. 2012); Fla. Stat. § 627.404(3) (2011) ("An insurer shall be entitled to rely upon all statements, declarations, and representations made by an applicant for insurance relative to the insurable interest which such applicant has in the insured...."); *United Auto. Ins. Co. v. Salgado,* 22 So.3d 594, 601 (Fla. 3d DCA 2009) ("[A]n insurance company has the right to rely on an applicant's representations in an application for insurance and is under no duty to further investigate") (quoting *N. Miami Gen. Hosp. v. Cent. Nat'l Life Ins. Co.,* 419 So.2d 800, 802 (Fla. 3d DCA 1982)).

Plaintiff's Sources:  *Cox v. American Pioneer Life Ins. Co.,* 626 So2d 243 (Fla. 5th DCA 1993), *Wimberg v. Chandler*, 986 F. Supp 1447 (MD Fl 1997).

*No. 13*

*Additionally, if Liberty's underwriting guidelines required an HIV test before issuing the policy, Liberty cannot deny coverage if the HIV test would have shown that the answer to no. 28 should have been yes.*

GRANTED

DENIED

Defendant objects to Special Instruction No. 13 on the following grounds:

1.  This instruction does not properly state the law under these circumstances.  The *Cox* case cited by the Plaintiff does not foreclose the denial of coverage.  Instead it addresses whether the jury could determine that the misrepresentations were material.

2.  The *Wimberg* case cited by the Plaintiff, 986 F.Supp. 1447 (M.D. Fl. 1997) involved renewal of a policy and accepting and retaining premiums after the insurer knew that a misrepresentation had been made.  In *Wimberg*, there was no discussion of whether the agent was an independent broker and the case was decided before both *Essex* and *Almerico*, both Florida Supreme Court decisions, clarified the law in this regard.

3.  Further, this instruction does not properly state the current law.  *See* Fla. Stat. Ann. § 627.409; *Essex, supra; Almerico, supra.*  In fact, it is clear under both Florida statutory and case law that an insurer has no duty to investigate information provided by an applicant. *See Sciaretta v. Lincoln Nat. Life Ins. Co.,* 899 F. Supp. 2d 1318, 1330 (S.D. Fla. 2012); Fla. Stat. § 627.404(3) (2011) ("An insurer shall be entitled to rely upon all statements, declarations, and representations made by an applicant for insurance relative to the insurable interest which such applicant has in the insured...."); *United Auto. Ins. Co. v. Salgado,* 22 So.3d 594, 601 (Fla. 3d DCA 2009) ("[A]n insurance company has the right to rely on an applicant's representations in an application for insurance and is under no duty to further investigate") (quoting *N.*

23

*Miami Gen. Hosp. v. Cent. Nat'l Life Ins. Co.,* 419 So.2d 800, 802 (Fla. 3d DCA 1982)).

*Plaintiff's Sources: Cox v. American Pioneer Life Ins. Co.,* 626 So2d 243 (Fla. 5th DCA 1993); *Wimberg v. Chandler*, 986 F. Supp 1447 (MD Fl 1997).

<u>*Verdict*</u>

1.     *Did John Geter knowingly make a material misrepresentation to on the application?*

      *Yes _____,                    No _____*

      *If your answer is "No" then your verdict is for the Plaintiff, and you are to sign at the bottom, and the Court will enter judgment accordingly. However, if you answered "Yes," then please answer nos. 2- 5.*

Defendant objects to Question 1 on the following grounds:

1.     There is no predicate Question on breach of contract.

2.     The Question is vague and ambiguous using the words "to on" together.

3.     The Question, and the instruction regarding the implications of the answer on the verdict, are incorrect under the law as they do not provide all circumstances under which policy is voided. See Fla. Stat. Ann. § 627.409.

4.     Also, the Question and instruction regarding the implications of the answer on the verdict, are incorrect under the law as they incorrectly assume the Plaintiff has met its burden of proof on contract formation and on the performance of conditions precedent.

      2.     *If you answered "Yes" to no. 1,  do you find that the agents knew of Mr. Geter's HIV status and that the answer to question no. 28 should have been "yes.?"*

           *Yes* _____,                 *No* _____

Defendant objects to Question 2 on the following grounds:

    1.    It is an inapplicable question under the circumstances presented here. The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application." Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not.  See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998).  Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations. *Id.*

    2.    It is an inapplicable question under these circumstances because the agents were independent brokers, and the evidence will show that Plaintiff knew that.  As such, Plaintiff knew of the limitations on actual authority.  *See id.*

    3.    Moreover, following *Almerico*, the Supreme Court in *Essex*, supra, made it clear that when independent brokers are involved, the acts of the broker are imputable not to the insurer, but instead to the insured. See *Essex Ins. Co. v. Zota*, 985 So.2d 1036, 1046 (Fla.2008).

3.   *If you answered "Yes" to no. 1, do you find that the Agents acted as the Agents of Liberty?*

*Yes _____,*            *No _____*

Defendant objects to Question 3 on the following grounds:

1.   The Question is vague and ambiguous.

2.   The Question impermissibly fails to distinguish between captive agents and independent agents/brokers as required by *Essex, supra*.

3.   The Question impermissibly fails to account for the decisions in *Essex and Almerico* and limitations on the authority of agents when the Plaintiff has knowledge of those limitations or they are expressly provided in the application such that the Plaintiff is put on inquiry notice of same.

> 4.      If you answered "Yes" to no. 1, did Liberty waive its right to rescind the policy by failing to have John Geter undergo a medical exam before accepting his premiums and issuing the policy?
>
> Yes _____,                    No _____

Defendant objects to Question 4 on the following grounds:

1.      The Question is not properly premised on the applicable law.  *See* Fla. Stat. Ann. § 627.409; *Essex, supra; Almerico, supra.*  In fact, it is clear under both Florida statutory and case law that an insurer has no duty to investigate information provided by an applicant. *See Sciaretta v. Lincoln Nat. Life Ins. Co.,* 899 F. Supp. 2d 1318, 1330 (S.D. Fla. 2012); Fla. Stat. § 627.404(3) (2011) ("An insurer shall be entitled to rely upon all statements, declarations, and representations made by an applicant for insurance relative to the insurable interest which such applicant has in the insured...."); *United Auto. Ins. Co. v. Salgado,* 22 So.3d 594, 601 (Fla. 3d DCA 2009) ("[A]n insurance company has the right to rely on an applicant's representations in an application for insurance and is under no duty to further investigate") (quoting *N. Miami Gen. Hosp. v. Cent. Nat'l Life Ins. Co.,* 419 So.2d 800, 802 (Fla. 3d DCA 1982)).

2.      The Question is not premised on an instruction that properly states the applicable requirements for waiver.

5.    If you answered "Yes" to no. 1, did Liberty have constructive knowledge of Mr. Geter's HIV status from other sources before issuing the subject policy?

Yes _____,                    No,_____

If your answer was "Yes" to any of the questions, no. 2 - 5, then your verdict is for the Plaintiff. If you answered "Yes" to No. 1 and "No" to each of the questions, no. 2-5, then your verdict is for the Defendant. Either way, sign the verdict form below, and the Court will enter judgment accordingly.

_____
Jury Foreperson
Dated _____, 2016


Defendant objects to Question 5 on the following grounds:

1.    It is an inapplicable question under the circumstances presented here. The terms of the Application itself provided "No agent has authority to waive any answer or otherwise modify this application or to bind Liberty Bankers Life Insurance Company, hereinafter called 'Company', in any way by making any promises or representation which is not set out in writing in this Application." Accordingly, the agents could not bind Liberty to contracting because the written application expressly states that they could not. See *Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 781 (Fla. 1998). Moreover, by this language, Plaintiff was put on notice to inquire as to the actual authority of the agents and Liberty is not bound to their representations. *Id.*

2.    It is an inapplicable question under these circumstances because the agents were independent brokers, and the evidence will show that Plaintiff knew that. As such, Plaintiff knew of the limitations on actual authority. *See id.*

3.    Moreover, following *Almerico*, the Supreme Court in *Essex*, supra, made it clear that when independent brokers are involved, the acts of the broker are imputable not to the insurer, but instead to the insured.

See *Essex Ins. Co. v. Zota*, 985 So.2d 1036, 1046 (Fla.2008).

4.    Further, constructive knowledge of misrepresentations does not foreclose the denial of coverage. *See* Fla. Stat. Ann. § 627.409; *Essex, supra; Almerico, supra.* In fact, it is clear under both Florida statutory and case law that an insurer has no duty to investigate information provided by an applicant. *See Sciaretta v. Lincoln Nat. Life Ins. Co.,* 899 F. Supp. 2d 1318, 1330 (S.D. Fla. 2012); Fla. Stat. § 627.404(3) (2011) ("An insurer shall be entitled to rely upon all statements, declarations, and representations made by an applicant for insurance relative to the insurable interest which such applicant has in the insured...."); *United Auto. Ins. Co. v. Salgado,* 22 So.3d 594, 601 (Fla. 3d DCA 2009) ("[A]n insurance company has the right to rely on an applicant's representations in an application for insurance and is under no duty to further investigate") (quoting *N. Miami Gen. Hosp. v. Cent. Nat'l Life Ins. Co.,* 419 So.2d 800, 802 (Fla. 3d DCA 1982)).

5.    The Question is objectionable because it is not premised on an instruction that properly states the applicable requirements for "constructive knowledge."

Objections to the Statement Following Question No. 5:

The Defendant objects to the statement following Question No. 5 as to the effect of answers to the preceding questions because, as is set forth above, and incorporated herein by reference, the statement relies on inaccurate assumptions about the adequacy of all of the instructions and questions proposed by the Plaintiff; none of which correctly state the current or applicable governing law in this case.

---

## DEFENDANT'S REQUESTS

The Defendant respectfully requests that the Court instruct the jury, require

that the jury answer the interrogatories and to complete the verdict form as follows:

### JURY INSTRUCTION 1

*Clara Gilbert ("Plaintiff") claims that she and Liberty Bankers Life Insurance Company ("Liberty") entered into a contract for life insurance on the life of her son, John Geter III ("Geter") in the amount of $100,000 pursuant to an Application originally executed on or about September 15, 2011 as amended on or about September 29, 2011. Gilbert claims that Liberty breached this contract by denying coverage and that the breach resulted in damages to Gilbert.*

*Liberty claims that Gilbert and Geter engaged in misrepresentation or fraud in the application for insurance on Geter's life as amended (the "Application") in answering "No" to Question Number 28 which asked:*

*Has the Proposed Insured been tested positive for exposure to the HIV infection or been diagnosed as having ARC or AIDS caused by the HIV infection or other sickness or condition derived from such infection?*

*Liberty also contends that a contract to insure Geter's life was never formed because any policy issued by Liberty on Geter's life was conditional on the return of the Amendment to Application ("Amendment") signed by Gilbert and Gilbert has claimed that her signature on that Amendment was forged.*

*Liberty also claims the following additional affirmative defenses to any claim or recovery by Gilbert:*

*1. Gilbert engaged in negligent misrepresentation in connection with the application for life insurance on Geter's life;*

*2. Geter engaged in negligent misrepresentation in connection with the application for life insurance on his life;*

*3. Gilbert has unclean hands;*

4.      *Gilbert failed to comply with the conditions precedent to recovering;*

5.      *Gilbert misrepresented the authenticity of her signature to Liberty on the Amendment to the application for policy on Geter's life and is equitably estopped from recovering;*

6.      *Gilbert knew that Sanpharisi was an independent agent or broker;*

7.      *Gilbert knew that Palacios an independent agent or broker;*

8.      *The written Application signed by Gilbert on the life of Geter expressly provided that "No agent has authority to waive any answer or otherwise modify this application to bind Liberty Bankers Life Insurance Company, hereinafter called "Company", in any way by making any promises or representation which is not set out in writing in this Application" and Gilbert either knew or was put on notice that the agent's authority was limited;*

*Liberty further contends that Gilbert aided or abetted Sanpharisi in breaching his fiduciary duties to Liberty and that she engaged in a conspiracy with Sanpharisi to defraud or misrepresent Geter's HIV history in making application to Liberty.*

*Granted* _____

*Denied* _____

**Plaintiff's Objection to Defendant's Proposed Jury Instruction No. 1**

The proposed instruction mis-states the facts and the law.  An insurer may not deny coverage under this statute if the alleged misrepresentation was in response to an ambiguous question.  Any such ambiguity must be construed against the insurer and in favor of coverage. _Mercury Ins. Co. v. Markham_, 36 So.3d 730, 733 (Fla. 1st DCA 2010).   An insurer is generally charged with knowledge which has been communicated to the agent by the insured.  _S. Rack & Ladder, Inc. v. Sexton_, 474 So.2d 847, 849 (Fla. 1st DCA. 1985). If an applicant fully states the facts to the agent at the time of the application but the agent writes

the answers incorrectly or contrary to the facts stated by the applicant, the insurance company is estopped from making a defense in an action on the policy by reason of the incorrect application. *Stix v. Continental Assur. Co.*, 3 So. 2d 703, 707 (Fla. 1998). the Eleventh Circuit found that "an essential prerequisite to the application of (§627.409) is that the insured make an inaccurate statement in his application. *William Penn Life Ins. Co. Of New York v. Sands*, 912 F.2d 1359, 1362 (11ᵗʰ Cir. 1990).

An insurance broker may act in the dual capacity of broker for the insured and agent of the insurer. *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998); *Steele v. Jackson Nat'l Life Ins. Co.*, 691 So.2d 525, 527 (Fla. 5ᵗʰ DCA 1997) (acknowledging that "an independent insurance agent can be the agent of the insurance company for one purpose and the agent of the insured for another."). Evidence of indicia of agency may be demonstrated if the insurer furnishes an insurance agent or agency with "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance." *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998); *Zawilski v. Golden Rule Ins. Co.*, 2011 WL 33359658 (M.D. Fla. 2011).*Johnson v. Life Ins. Co. of Georgia*, 52 So.2d 813 (Fla. 1951). Where an insurer is on notice that it must itself make further inquiries about the insured's health, it is bound by what a reasonable investigation would have shown. *Cox v. American Pioneer Life Ins. Co.*, 626 So2d 243 (Fla. 5ᵗʰ DCA 1993), *Wimberg v. Chandler*, 986 F. Supp 1447 (MD Fl 1997).

*Source:* Standard Jury Instructions – Contract and Business Cases (No. SC12-1931 Supreme Court of Florida, June 6, 2013).

## JURY INSTRUCTION 2

*To establish a fraudulent misrepresentation, omission, concealment or statement by a person, Liberty must prove all of the following:*

1. *The person made a representation, omission, concealment or statement in the Application that was material to the transaction;*

2. *The person knew that it was false;*

3. *The person made the representation, omission, concealment or statement to persuade Liberty to agree to the policy;*

4. *Liberty relied on the representation, omission, concealment or statement; and*

5. *Liberty would not have agreed to the policy if it had known that the representation, omission, concealment or statement was false.*

*On this defense, Liberty may rely on a false statement, even though its falsity could have been discovered if Liberty had made an investigation. However, Liberty may not rely on a false statement if it knew it was false or its falsity was obvious to it. In making this determination, you should consider the totality of the circumstances surrounding the type of information transmitted, the nature of the communication between the parties, and the relative positions of the parties.*

*Granted*        _____

*Denied*        _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 2**

The proposed instruction mis-states the facts and the law.  An insurer may not deny coverage under this statute if the alleged misrepresentation was in response to an ambiguous question.  Any such ambiguity must be construed against the insurer and in favor of coverage. *Mercury Ins. Co. v. Markham*, 36 So.3d 730, 733 (Fla. 1st DCA 2010).   An insurer is generally charged with knowledge which has been communicated to the agent by the insured.  *S. Rack & Ladder, Inc. v. Sexton*, 474 So.2d 847, 849 (Fla. 1st DCA. 1985). If an applicant fully states the facts to the agent at the time of the application but the agent writes

the answers incorrectly or contrary to the facts stated by the applicant, the insurance company is estopped from making a defense in an action on the policy by reason of the incorrect application. _Stix v. Continental Assur. Co._, 3 So. 2d 703, 707 (Fla. 1998). the Eleventh Circuit found that "an essential prerequisite to the application of (§627.409) is that the insured make an inaccurate statement in his application. _William Penn Life Ins. Co. Of New York v. Sands_, 912 F.2d 1359, 1362 (11th Cir. 1990).

An insurance broker may act in the dual capacity of broker for the insured and agent of the insurer. _Almerico v. RLI Ins. Co._, 716 So.2d 774 (Fla. 1998); _Steele v. Jackson Nat'l Life Ins. Co._, 691 So.2d 525, 527 (Fla. 5th DCA 1997) (acknowledging that "an independent insurance agent can be the agent of the insurance company for one purpose and the agent of the insured for another."). Evidence of indicia of agency may be demonstrated if the insurer furnishes an insurance agent or agency with "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance." _Almerico v. RLI Ins. Co._, 716 So.2d 774 (Fla. 1998); _Zawilski v. Golden Rule Ins. Co._, 2011 WL 33359658 (M.D. Fla. 2011)._Johnson v. Life Ins. Co. of Georgia_, 52 So.2d 813 (Fla. 1951). Where an insurer is on notice that it must itself make further inquiries about the insured's health, it is bound by what a reasonable investigation would have shown. _Cox v. American Pioneer Life Ins. Co._, 626 So2d 243 (Fla. 5th DCA 1993), _Wimberg v. Chandler_, 986 F. Supp 1447 (M.D. Fla. 1997).

_Sources_: _See_ Standard Jury Instructions – Contract and Business Cases, No. 416.4 (No. SC12-1931 Supreme Court of Florida, June 6, 2013).
_See also_ Fla. Stat. Ann. § 627.409; _Telestrata, LLC v. NetTALK.com,_ Inc., 126 F. Supp. 3d 1344, 1352 (S.D. Fla. 2015).

## JURY INSTRUCTION 3

*To determine if a fact is "material" one inquires as to whether it could possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk.*

*Granted*          _____

*Denied*          _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No.3**

Materiality is defined in §627.409 itself

Sources:  *See AIG Centennial Ins. Co. v. O'Neill*, 782 F.3d 1296, 1303 (11th Cir. 2015); *Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.,* 795 F.2d 940, 942–43 (11th Cir.1986).

## JURY INSTRUCTION 4

*Liberty has raised the defense of negligent misrepresentation.  To establish negligent misrepresentation, Liberty must prove all of the following:*

1. *there was a misrepresentation of material fact;*

2. *the representor either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false;*

3. *the representor intended to induce Liberty to act on the misrepresentation; and*

4. *injury resulted to Liberty acting in justifiable reliance upon the misrepresentation.*


*Granted*        _____

*Denied*        _____


**Plaintiff's Objection Defendant's Proposed Jury Instruction to No.4**

Negligent Misrepresentation is not a valid defense - and is encompassed by the definition under §627.409.   An additional, but different instruction will serve only to confuse the jury.


*Sources:  Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1259 (11th Cir.2014); Tynes v. Buccaneers Ltd. P'ship, No. 8:15-CV-1594-T-30AEP, 2015 WL 5680135, at *4 (M.D. Fla. Sept. 24, 2015).*

## JURY INSTRUCTION 5

> *Liberty has raised the defense of unclean hands.  In order to establish unclean hands, Liberty must establish the following:*
>
> > 1. *Gilbert's wrongdoing is directly related to the claim, and*
> >
> > 2. *Liberty was personally injured by the wrongdoing.*

*Granted* _____

*Denied* _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 5**

"Unclean Hands" is not a valid defense to an action for breach of contract, particularly one for a breach of an insurance policy.  It is only a defense to an action in equity, such as injunctive relief, equitable distribution, etc.  The case cited by Defendant, *Bailey v. TitleMax*, 776 F.3d 797 (11th Cir. 2015) hold that when a company knows or should know a worker is under-reporting his or her hours, the firm can't use the employee's role to diminish its own responsibility under the Fair Labor Standards Act.  Courts of equity have no power to overrule established law.  *Orr v. Trask*, 464 So.2d 131 (Fla. 1985).   The existence of a legal remedy bars an equitable cause of action.  *Intercoastal Realty, Inc., v. Tracy*, 706 F. Supp. 2d 1325 (S.D. Fla. 2010).

*Source:  Bailey v. TitleMax of Georgia, Inc*., 776 F.3d 797, 801 (11th Cir. 2015);

## JURY INSTRUCTION 6

*Liberty has raised the defense of equitable estoppel. To establish this defense, Liberty must establish the following:*

1.    *a representation by Gilbert to Liberty as to some material fact, which representation is contrary to the condition of affairs later asserted by Gilbert;*

2.    *a reliance upon this representation by Liberty;*

3.    *a change in Liberty's position, caused by the representation and Liberty's reliance thereon.*

*Granted*    _____

*Denied*    _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 6**

"Equitable Estoppel" **was not raised as an affirmative defense in Defendant's Answer and** is not a valid defense to an action for breach of contract, particularly one for a breach of an insurance policy, and would be subsumed by §627.409.  Moreover, it misstates the law, and would be confusing to the jury.


Source:  *See United States Life Ins. Co. in the City of New York v. Logus Mfg. Corp*., 845 F. Supp. 2d 1303, 1318 (S.D. Fla. 2012); *Travelers Indem. Co. v. Swanson*, 662 F.2d 1098, 1102 (5th Cir.1981) (citing Florida law).

## JURY INSTRUCTION 7

*An independent agent is licensed to sell coverage for several carriers whereas a captive agent is one licensed to sell coverage for only one carrier.*

Granted         _____

Denied          _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 7**

Defendant's proposed instruction misstates the law and would confuse the jury.  An insurance broker may act in the dual capacity of broker for the insured and agent of the insurer.  *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998);  *Steele v. Jackson Nat'l Life Ins. Co.*, 691 So.2d 525, 527 (Fla. 5th DCA 1997) (acknowledging that "an independent insurance agent can be the agent of the insurance company for one purpose and the agent of the insured for another."). Evidence of indicia of agency may be demonstrated if the insurer furnishes an insurance agent or agency with "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance." *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998);  *Zawilski v. Golden Rule Ins. Co.*, 2011 WL 33359658 (M.D. Fla. 2011).*Johnson v. Life Ins. Co. of Georgia*, 52 So.2d 813 (Fla. 1951).   Where an insurer is on notice that it must itself make further inquiries about the insured's health, it is bound by what a reasonable investigation would have shown. *Cox v. American Pioneer Life Ins. Co.,* 626 So2d 243 (Fla. 5th DCA 1993), *Wimberg v. Chandler*, 986 F. Supp 1447 (M.D. Fla. 1997).

Source:  *Steele v. Jackson Nat. Life Ins. Co.,* 691 So. 2d 525, 527-28 (Fla. Dist. Ct. App. 1997).

## JURY INSTRUCTION 8

*A broker represents the insured by acting as a middleman between the insured and the insurer, soliciting insurance from the public under no employment from any special company, and, upon securing an order, places it with a company selected by the insured, or if the insured has no preference, with a company selected by the broker.*

*Granted* _____

*Denied* _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 8**

Defendant's proposed instruction misstates the law and would confuse the jury. An insurance broker may act in the dual capacity of broker for the insured and agent of the insurer.  *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998);  *Steele v. Jackson Nat'l Life Ins. Co.*, 691 So.2d 525, 527 (Fla. 5th DCA 1997) (acknowledging that "an independent insurance agent can be the agent of the insurance company for one purpose and the agent of the insured for another."). Evidence of indicia of agency may be demonstrated if the insurer furnishes an insurance agent or agency with "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance." *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998);  *Zawilski v. Golden Rule Ins. Co.*, 2011 WL 33359658 (M.D. Fla. 2011).*Johnson v. Life Ins. Co. of Georgia*, 52 So.2d 813 (Fla. 1951).   Where an insurer is on notice that it must itself make further inquiries about the insured's health, it is bound by what a reasonable investigation would have shown. *Cox v. American Pioneer Life Ins. Co.*, 626 So2d 243 (Fla. 5th DCA 1993), *Wimberg v. Chandler*, 986 F. Supp 1447 (M.D. Fla. 1997).

*Source:*          *Essex Ins. Co. v. Zota*, 985 So. 2d 1036, 1046 (Fla. 2008)

## JURY INSTRUCTION 9

*An agent's acts are not binding on Liberty if Gilbert knew the agent's authority was limited or the circumstances of the transaction put her on notice to inquire as to his actual authority.*

*An agent's acts cannot bind Liberty when the Application states that the agent cannot do so. Moreover, when an Application limits the agents authority, a person is put on notice to inquire as to the actual authority of that agent and the insurer is not bound by his representations.*

*Granted*     _____

*Denied*     _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 9**

Defendant's proposed instruction misstates the law and would confuse the jury. An insurance broker may act in the dual capacity of broker for the insured and agent of the insurer. *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998); *Steele v. Jackson Nat'l Life Ins. Co.*, 691 So.2d 525, 527 (Fla. 5th DCA 1997) (acknowledging that "an independent insurance agent can be the agent of the insurance company for one purpose and the agent of the insured for another."). Evidence of indicia of agency may be demonstrated if the insurer furnishes an insurance agent or agency with "any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance." *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998); *Zawilski v. Golden Rule Ins. Co.*, 2011 WL 33359658 (M.D. Fla. 2011).*Johnson v. Life Ins. Co. of Georgia*, 52 So.2d 813 (Fla. 1951). Where an insurer is on notice that it must itself make further inquiries about the insured's health, it is bound by what a reasonable investigation would have shown. *Cox v. American Pioneer Life Ins. Co.,* 626 So2d 243 (Fla. 5th DCA 1993), *Wimberg v. Chandler*, 986 F. Supp 1447 (M.D. Fla. 1997).

*Sources: Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 780-81 (Fla. 1998); *Brown v. Inter-Ocean Ins. Co.*, 438 F. Supp. 951, 952 (N.D. Ga. 1977).

## JURY INSTRUCTION 10:

Liberty claims Gilbert aided or abetted Sanpharisi in breaching his fiduciary duties to Liberty.  In order to establish this, Liberty must establish the following:

1.      Sanpharisi owed a fiduciary duty to Liberty;

2.      which Sanpharisi breached;

3.      Gilbert knew about Sanpharisi's breach; and

4.      Gilbert substantially assisted with Sanpharisi's breach.

Granted        _____

Denied         _____


**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 10**

There is no valid defense of "aiding and abetting," and Defendant did not raise that as an Affirmative Defense in its Answer.  Liberty Bankers has not sued its Agent for Aiding and Abetting.  Defendant's proposed instruction misstates the law and would confuse the jury for the reasons stated in response to nos. 7-9.  It is for the jury to decide if the agents were acting as the agents of Liberty.  *Almerico v. RLI Ins. Co.*, 716 So.2d 774 (Fla. 1998);  *Zawilski v. Golden Rule Ins. Co.*, 2011 WL 33359658 (M.D. Fla. 2011).*Johnson v. Life Ins. Co. of Georgia*, 52 So.2d 813 (Fla. 1951).


*Sources:  See Arbitrajes Financieros, S.A. v. Bank of Am., N.A.*, 605 F. App'x 820, 824 (11th Cir. 2015).

## JURY INSTRUCTION 11

*An insurance agent owes a fiduciary duty to an insurance company with whom it contracts.*


*Granted* _____

*Denied* _____


**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 11**


Defendant's proposed instruction misstates the law and would confuse the jury for the reasons stated in response to nos. 7-9.  This is not an action by Liberty bankers against its Agent for Breach of Fiduciary Duty.


*Sources:  See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667, 186 L. Ed. 2d 768 (2013) ("If the relationship between two persons is one of agency ..., the agent owes a fiduciary obligation to the principal.").

**JURY INSTRUCTION 12**

*An insurance agent has a duty to disclose to an insurance company with whom it contracts all material facts relevant to the agency.*

*See F.D.I.C. v. Floridian Title Grp. Inc., 972 F. Supp. 2d 1289, 1297 (S.D. Fla. 2013).*

*Granted* _____

*Denied* _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 12**

Defendant's proposed instruction regarding the Agenty's duty to disclose misstates the law and would confuse the jury for the reasons stated in response to nos. 7-9.

## JURY INSTRUCTION 13

*Liberty claims that Gilbert engaged in a conspiracy with Sanpharisi to defraud Liberty.  In order to establish this, Liberty must establish the following:*

1. *an agreement between Gilbert an Sanpharisi;*

2. *to do an unlawful act or a lawful act by an unlawful means;*

3. *the doing of some overt act in pursuance of the conspiracy; and*

4. *damage to Liberty as a result of the acts done under the conspiracy.*

*Granted* _____

*Denied* _____

**Plaintiff's Objection Defendant's Proposed Jury Instruction to No. 13**

Defendant's proposed instruction for "civil conspiracy" with its own agent, Jim Sanphasiri, is totally improper and Defendant has not raised that as a defense.

*Sources*:  *Philip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 (Fla. 2015), *reh'g denied* (Sept. 25, 2015).  *See also* Olesen v. Gen. Elec. Capital Corp., 135 So. 3d 389, 398-99 (Fla. Dist. Ct. App. 2014); *Auto-Owners Ins. Co. v. Johnson, Rast & Hays Ins. of S. Alabama, Inc.,* 820 F.2d 380, 383 (11th Cir. 1987)(fraud committed against insurer by insurance agency in connection with submission of false application for car insurance).

## JURY QUESTIONS AND GENERAL VERDICT WITH ANSWERS TO QUESTIONS

The Defendants herein request that the Court submit the following questions and verdict form to the jury:

We find in answer to the interrogatories submitted to us by the Court as follows:

### JURY QUESTION 1

Had Geter tested positive for exposure to the HIV infection or been diagnosed as having ARC or AIDS caused by the HIV infection or other sickness or condition derived from such infection at the time the Application was signed?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source:  Application Question No. 28*

If your answer is "Yes" then answer Questions 2-5.  If your answer is no, skip to Question 16.


**JURY QUESTION 2**


Was the answer "No" to Question Number 28 in the Application regarding whether Geter had tested positive for exposure to the HIV infection or been diagnosed as having ARC or AIDS caused by the HIV infection or other sickness or condition derived from such infection complete and true to the best of Gilbert's knowledge and belief on the date she signed the Application?


Answer "Yes" or "No":  _____


Granted          _____

Denied          _____


*Sources:  Application Question No. 28 and Application Part 3(b).*

**JURY QUESTION 3**

Was the answer "No" to Question Number 28 in the Application regarding whether Geter had tested positive for exposure to the HIV infection or been diagnosed as having ARC or AIDS caused by the HIV infection or other sickness or condition derived from such infection complete and true to the best of Geter's knowledge and belief on the date he signed the Application?

Answer "Yes" or "No": _____

Granted         _____

Denied         _____

*Sources:  Application Question No. 28 and Application Part 3(b).*

**JURY QUESTION 4**


Were all statements in the Application complete and true to the best of Gilbert's knowledge and belief on the date she signed the Application?


Answer "Yes" or "No": _____


Granted        _____

Denied         _____




*Sources:  Application Part 3(b).*

**JURY QUESTION 5**

Were all statements in the Application complete and true to the best of Geter's knowledge and belief on the date he signed the Application?

Answer "Yes" or "No": _____

Granted _____

Denied _____

*Sources: Application Part 3(b).*

If you answered "No" to any of Questions 2-5, then answer Questions 6-18.
If you answered "Yes" to all of Questions 2-5, go to Question 18.

## JURY QUESTION 6

Did Gilbert make a fraudulent misrepresentation, omission, concealment or statement in the Application?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Sources*:  Fla. Stat. Ann. § 627.409.

**JURY QUESTION 7**

Did Geter make a fraudulent misrepresentation, omission, concealment or statement in the Application?

Answer "Yes" or "No": _____

Granted          _____

Denied           _____

*Source*:  Fla. Stat. Ann. § 627.409.

**JURY QUESTION 8**

Did Gilbert make a misrepresentation, omission, concealment or incorrect statement in the Application that was material to Liberty's acceptance of the risk or to the hazard assumed by Liberty?

Answer "Yes" or "No": _____

Granted        _____

Denied        _____

*Source*:  Fla. Stat. Ann. § 627.409.

**JURY QUESTION 9**

Did Geter make a misrepresentation, omission, concealment or incorrect statement in the Application that was material to Liberty's acceptance of the risk or to the hazard assumed by Liberty?


Answer "Yes" or "No": _____


Granted          _____

Denied          _____


*Source*:  Fla. Stat. Ann. § 627.409

**JURY QUESTION 10**

If the true facts had been known to Liberty, would Liberty in good faith have issued the $100,000 policy insuring Geter's life?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  Fla. Stat. Ann. § 627.409

**JURY QUESTION 11**

If the true facts had been known to Liberty, would Liberty in good faith have issued the $100,000 policy insuring Geter's life at the same premium rate?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  Fla. Stat. Ann. § 627.409

**JURY QUESTION 12**

If Liberty had known the true facts had been known to Liberty, would Liberty in good faith have issued a policy insuring Geter's life in as large an amount?

Granted          _____

Denied           _____

Answer "Yes" or "No": _____

*Source*:  Fla. Stat. Ann. § 627.409.

**JURY QUESTION 13**

If the true facts had been known to Liberty, would Liberty in good faith have
provided coverage for Geter's death?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  Fla. Stat. Ann. § 627.409.

**JURY QUESTION 14**

Did Gilbert engage in negligent misrepresentation in the Application?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Sources:  See Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1259 (11th Cir.2014); *Tynes v. Buccaneers Ltd. P'ship,* No. 8:15-CV-1594-T-30AEP, 2015 WL 5680135, at *4 (M.D. Fla. Sept. 24, 2015).

**JURY QUESTION 15**

Did Geter engage in negligent misrepresentation in the Application?

Answer "Yes" or "No": _____

Granted        _____

Denied        _____

*Sources:  See Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1259 (11th Cir.2014); *Tynes v. Buccaneers Ltd. P'ship*, No. 8:15-CV-1594-T-30AEP, 2015 WL 5680135, at *4 (M.D. Fla. Sept. 24, 2015).

**JURY QUESTION 16**

Does Gilbert have unclean hands with respect to the Application?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source:  See Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015)

**JURY QUESTION 17**

Is Gilbert equitably estopped from recovering on its claims in this case?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  *See* Standard Jury Instructions – Contract and Business Cases, No. 416.4 (No. SC12-1931 Supreme Court of Florida, June 6, 2013).

**JURY QUESTION 18**

Was the issuance of a $100,000 policy on Geter's life conditional on the return of an amendment that was actually signed by Gilbert?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  *See* Standard Jury Instructions – Contract and Business Cases, No. 416.21 (No. SC12-1931 Supreme Court of Florida, June 6, 2013).

If you answered Question 18 "Yes" then answer Questions 19-20.  If you answered Question 18 "No" then skip Question 19 and answer Question 20.

**JURY QUESTION 19**

Did Gilbert prove that she actually signed the Amendment and returned it to Liberty?

Answer "Yes" or "No": _____

Granted        _____

Denied        _____

*Source*:  *See* Standard Jury Instructions – Contract and Business Cases, No. 416.21 (No. SC12-1931 Supreme Court of Florida, June 6, 2013).

**JURY QUESTION 20**

Was Sanphasiri an independent agent?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  See *Steele v. Jackson Nat. Life Ins. Co.,* 691 So. 2d 525, 527-28 (Fla. Dist. Ct. App. 1997).

If you answered Question 20 "Yes" then answer Question 21.  If not, skip to Question 22.


**JURY QUESTION 21**


Did Gilbert know Sanphasiri was an independent agent at the time she signed the Application?


Answer "Yes" or "No": _____


Granted        _____

Denied        _____


*Sources*:  See *Steele v. Jackson Nat. Life Ins. Co.,* 691 So. 2d 525, 527-28 (Fla. Dist. Ct. App. 1997); *see also Almerico v. RLI Ins. Co., 716* So. 2d 774, 780-81 (Fla. 1998); *Brown v. Inter-Ocean Ins. Co., 438 F.* Supp. 951, 952 (N.D. Ga. 1977).

**JURY QUESTION 22**

Was Sanpharisi an insurance broker?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  See *Steele v. Jackson Nat. Life Ins. Co.,* 691 So. 2d 525, 527-28 (Fla. Dist. Ct. App. 1997).

If you answered Question 22 "Yes" then answer Questions 23-27. If not, skip Question 23 and answer Questions 24-27.

## JURY QUESTION 23

Did Gilbert know Sanpharisi was an insurance broker at the time she signed the Application?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source*:  See *Steele v. Jackson Nat. Life Ins. Co.,* 691 So. 2d 525, 527-28 (Fla. Dist. Ct. App. 1997); *see also Almerico v. RLI Ins. Co.,* 716 So. 2d 774, 780-81 (Fla. 1998); *Brown v. Inter-Ocean Ins. Co.,* 438 F. Supp. 951, 952 (N.D. Ga. 1977).

**JURY QUESTION 24**

Did the Application state that "No agent has authority to waive any answer or otherwise modify this application to bind Liberty Bankers Life Insurance Company, hereinafter called "Company", in any way by making any promises or representation which is not set out in writing in this Application"?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source:  Application Part 3(c); see also Almerico v. RLI Ins. Co.,* 716 So. 2d 774, 780-81 (Fla. 1998); *Brown v. Inter-Ocean Ins. Co.,* 438 F. Supp. 951, 952 (N.D. Ga. 1977).

**JURY QUESTION 25**

Did the agents' acts or representations bind Liberty to issue Gilbert a $100,000 policy on Geter's life?

Answer "Yes" or "No": _____

Granted          _____

Denied          _____

Source: *See Almerico v. RLI Ins. Co.*, 716 So. 2d 774, 780-81 (Fla. 1998); *Brown v. Inter-Ocean Ins. Co.*, 438 F. Supp. 951, 952 (N.D. Ga. 1977).

**JURY QUESTION 26**

Did Gilbert aid or abet Sanpharisi in breaching his fiduciary duties to Liberty?

Answer "Yes" or "No": _____

Granted        _____

Denied         _____

*Source:  See Arbitrajes Financieros, S.A. v. Bank of Am., N.A.*, 605 F. App'x 820, 824 (11th Cir. 2015).

**JURY QUESTION 27**

Did Gilbert engage in a conspiracy with Sanpharisi to defraud or misrepresent Geter's HIV history in making application to Liberty?

Answer "Yes" or "No": _____

Granted       _____

Denied        _____

*Source:  See Philip Morris USA, Inc. v. Russo,* 175 So. 3d 681, 686 (Fla. 2015), reh'g denied (Sept. 25, 2015).

***VERDICT***

*If your answer was "Yes" to any of Questions 6, 7, 8, 9, 14, 15, 16, 17, 24, 26 or 27, then your verdict is for the Defendant.*

*If your answer was "Yes" as to both Questions 20 and 21 or as to both 22 and 23, then your verdict is for the Defendant.*

*If your answer is "No" as to any of Quesstions 10, 11, 12, 13 or 25, then your verdict is for the Defendant.*

*If your answer is "No" to both Question Numbers 1 and 18, then your verdict is for the Plaintiff.*

*Enter your verdict below and by placing an "X" in front of the appropriate party and sign the verdict form.*

*We, the jury in this action, find for the:*

*Plaintiff* _____

*Defendant* _____

*Dated: _____*

_____
*Jury Foreperson*

**Plaintiff's Objection Defendant's Proposed Verdict Form**

Defendant's proposed verdict misstates the law and facts.

Respectfully submitted,


*/s/ David Zack*
David Zack
Coffey Burlington
2601 S. Bayshore Dr., Penthouse
Miami, Florida   33133
Email:  DZack@coffeyburlington.com
305-858-2900
Fax:  305-858-5261

 /s/ Mitchell Madden
Mitchell Madden, Pro Hac
Texas State Bar 12789350
Holmgren Johnson: Mitchell Madden, LLP
13800 Montfort Dr., Suite 160
Dallas, Texas 75240
(972) 484-7780 Telephone
(972) 484-7780 Facsimile
mmadden@hjmmlegal.com

ATTORNEYS FOR DEFENDANT
LIBERTY BANKERS LIFE INS. CO.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2016, a true and correct copy of the foregoing has been served via the U.S. District Court's ECF system on the following counsel for Plaintiff:

Jerome A. Pivnik, Esq.
The Pivnik Law Firm
7700 N. Kendall Drive, Suite 703
Miami, Florida  33156
Email:  Pivniklaw@aol.com
Email:  Cdiezpivniklaw@aol.com


*/s/ David Zack*
David Zack